Johnson, J., dissenting:
I dissent. I read the plain language of K.S.A. 2016 Supp. 38-2273(a) as broadly encompassing any order affecting the temporary custody or disposition of a child in a *1164 CINC case. Cf. In re N.A.C ., 299 Kan. 1100, 1123, 329 P.3d 458 (2014) (Johnson, J., dissenting).
The majority's strict textualism rationale is founded on the theory that the language of K.S.A. 2016 Supp. 38-2273(a)"creates five categories of appealable orders in a CINC case." Op. at 1162 (citing In re N.A.C. , 299 Kan. at 1109, 329 P.3d 458 ). But, of course, the statute says no such thing. "[N]one of the critical terms in 38-2273(a)-temporary custody, adjudication, disposition, finding of unfitness, termination of parental rights-is statutorily defined." 299 Kan. at 1123, 329 P.3d 458 (Johnson, J., dissenting). Accordingly, where statutory terms are not defined therein, we ordinarily employ the construction rule of "giving common words their ordinary meanings." See, e.g., Cady v. Schroll , 298 Kan. 731, 738, 317 P.3d 90 (2014). In that vein, a denial of a motion to terminate parental rights affects the disposition in a CINC case, because adoption is precluded by the denial. Likewise, it affects the temporary custody of the child, because the parent retains the right to have extended visitation with the child or to reinstitute a reintegration plan.
Here, the district court's "split-the-baby" ruling-making grandfather a permanent custodian because father is unfit, yet refusing to terminate the unfit father's parental rights-might well be in the best interests of the child. On the other hand, it might irreparably harm the child. I cannot read the language of K.S.A. 2016 Supp. 38-2273(a) as manifesting a legislative intent to make the latter circumstance incapable of correction by a higher court. Indeed, the Legislature has directed us to liberally construe the Kansas Code for Care of Children to effect the best interests of the child, making "the safety and welfare of a child ... paramount in all proceedings under the code." K.S.A. 2017 Supp. 38-2201(b)(1). Such liberal construction mandates appellate jurisdiction in this case.